**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

KELLY CLARK,                                                                          PLAINTIFF

VS.                                        CASE NO.  1:16-cv-00251-LG-RHW

GENERAL MOTORS, LLC,                                  DEFENDANT

**NOTICE OF MOTION TO REMAND**

Mr. Paul Cassisa, Jr.
Butler Snow LLP
P.O. Box 1138
Oxford, MS 38655
*Paul.cassisa@butlersnow.com*

      On August 3, 2016 there was filed with the District Court for the Southern District of Mississippi, Southern Division, before the Honorable Judge Roper or any Judge sitting in his stead, a copy of **Plaintiff's Motion to Remand,** a copy of which is attached hereto and herewith served upon you.

                                                        By:   /s/ Megan M Patrick
                                                                 Megan M. Patrick

| | |
|---|---|
| Name: | KROHN & MOSS, LTD. |
| Attorneys For: | Plaintiff |
| Address: | 10 N. Dearborn, 3rd Floor |
| City: | Chicago, IL 60602 |
| Telephone: | (601) 573-8318 |
| Email: | meganpittmn@yahoo.com |
| | mpatrickenterprises@yahoo.com |

**CERTIFICATE OF SERVICE**

      I, Megan M. Patrick, certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon Mr. Paul Cassisa Jr., Butler Snow LLP, P.O. Box 1138, Oxford MS 38655 on August 3, 2016.

                                                        By:   /s/ Megan M. Patrick
                                                                Megan M. Patrick

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | |
|---|---|
| KELLY CLARK, | PLAINTIFF |
| VS. | CASE NO. 1:16-cv-00251-LG-RHW |
| GENERAL MOTORS, LLC, | DEFENDANT |

**PLAINTIFF'S MOTION TO REMAND**

NOW COMES the Plaintiff, KELLY CLARK ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and hereby files her Motion to Remand. In support of her motion, Plaintiff states as follows:

**I.     BACKGROUND.**

On May 23, 2016, Plaintiff filed her three-count Complaint against Defendant, GENERAL MOTORS, LLC ("Defendant"), in the County Court of the First Judicial District of Jackson County, Mississippi, alleging breach of written warranty and breach of implied warranty pursuant to the Magnuson-Moss Warranty Act ("Warranty Act") and violation of the Mississippi Motor Vehicle Warranty Enforcement Act (Lemon Law"). (See Plaintiff's Complaint, attached hereto as Exhibit "A"). Plaintiff did not file her cause of action in District Court because the damages she was seeking did not meet the $50,000 or $75,000 (exclusive of interests and costs) minimum amount in controversy requirement for federal question or diversity jurisdiction, as determined by the formula set out by the Third, Sixth and Seventh Circuits.

To determine whether jurisdiction is proper in federal court for a breach of warranty/lemon

law action, like the case at bar, the Third, Sixth and Seventh Circuits have derived a "cost of cover" analysis which is the standard remedy under state law for delivery of a defective product. *See Gardynski-Leschuck v. Ford Motor Company*, 142 F.3d 955, 959 (7th Cir. 1998) ("the maximum award is the price of a new Mustang, less credit for the used car returned to Ford and the value of 13 months use."). The basis for "cost of cover" is simply the replacement price of a new vehicle, minus the value of the used vehicle returned to the Defendant, less the use of that vehicle. *Id*. The "cost of cover" remedy under a Magnuson-Moss action is analogous to the "refund" remedy under a state lemon law action. Specifically, a "refund of the purchase price undoes the sales transaction, leaving only the need to deduct the value of the use that Plaintiff [Gardynski-Leschuck] other would obtain for free." *Id*. at 956. In the case at bar, Plaintiff is seeking state remedies pursuant to the Warranty Act and a refund under the Mississippi Lemon Law.

When removing the case to this Court, Defendant failed to offer any evidence, nor does any exist, that would demonstrate that the "cost of cover" or refund of the vehicle less the value of the subject vehicle returned to Defendant is anywhere near the $75,000 minimum jurisdictional requirements. In determining the amount in controversy, courts must look to the allegations in the Complaint. In this case, the damages alleged by Plaintiff do not exceed the minimum amount in controversy required for federal jurisdiction. (See Exhibit "A"). The total purchase price of the subject vehicle is $59,829.91. Whether Plaintiff were to recover a replacement vehicle (cost of cover) or a refund, and the value of Plaintiff's use of the vehicle was subtracted, the resulting amount is undoubtedly less than $59,829.91 – much less than the $75,000 amount in controversy requirement for a removal on diversity grounds. Further, per United States Circuit courts that have

2

addressed analogous claims, the value of the vehicle returned to the defendant must also be subtracted from the above sub-total in order to determine if the jurisdictional threshold has been met.

Nonetheless, on July 6, 2016, Defendant removed this matter to District Court. Defendant's Notice of Removal even states that Plaintiff did not seek a specific monetary amount in the Complaint despite citing 28 U.S.C. § 1332(a) which states that the amount in controversy requirement for diversity jurisdiction is satisfied only if it is clear from the fact of the complaint "that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1447(c), Plaintiff respectfully requests that the Court remand this matter to the County Court of Jackson County, Mississippi, because Defendant has not established, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 minimum amount in controversy that is necessary for this Court to have diversity jurisdiction.

## II.    STANDARD OF REVIEW.

A party may file a motion to remand a case for improper removal based on lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). "As a preliminary matter, we emphasize that the burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Accordingly, this Court "must therefore strictly construe removal jurisdiction." *Id*.

In order to remove a case to federal court, the Defendant must file a notice of removal with the state court. "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. §

1446(b)(1). One way to get a case removed to federal court is if the Defendant can prove that Plaintiff's claim is based upon a federal question. "The well-pleaded complaint rule governs whether a defendant can remove a case based on the existence of a federal question." *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001). "Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" *Id.* quoting *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). A defendant can also remove a case based on the existence of diversity of citizenship. "The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. §1332(a). The plaintiff's alleged damages "remain presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount." *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1414 (5th Cir. 1995). Since the defendant must produce evidence that establishes that the actual amount in controversy exceeds $75,000, a mere conclusory statement will not suffice. *See id*.

Further, the complaint is construed "leniently in favor of remand" (*Bone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005)) and any doubts are to be resolved against federal jurisdiction. *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1987); *see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 1995). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987). As demonstrated below, the District

4

Court did not have original jurisdiction in this case and removal was improper.

**ARGUMENT**

**III. COURTS THROUGHOUT THE COUNTRY HAVE PROVIDED A FORMULA FOR DETERMINING THE AMOUNT IN CONTROVERSY FOR WARRANTY ACT CLAIMS.**

In a diversity case where the parties are citizens of different states, the district court has jurisdiction if "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); accord *James Neff Kramper Family Farm P'ship v. IBP, Inc.,* 393 F. 3d 828, 831. *See also Green v. Ameritrade, Inc.,* 279 F.3d 590, 596 (8th Cir. 2002) ("The party opposing remand has the burden of establishing federal subject-matter jurisdiction."). The court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993). Courts throughout the country have provided a formula for determining the amount in controversy in Warranty Act claims.

The Seventh Circuit Court of Appeals, provided the formula for calculating the amount in controversy for Warranty Act claims involving automobiles. *Gardynski-Leschuck v. Ford Motor Company* , 42 F.3d 955, 957 (7th Cir. 1998); *see also Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405-406 (7th Cir. 2004) ("the true amount in controversy-would equal only the difference between the price of the new car and the worth of the allegedly defective car, reduced by his beneficial use of the defective car"). As previously stated, to determine whether jurisdiction is proper in federal court for a breach of warranty/lemon law action, these Circuits have developed a "cost of cover" analysis which is the standard remedy under state law. *See Gardynski-Leschuck v. Ford Motor Company*,

142 F.3d 955, 959 (7th Cir. 1998). The basis for "cost of cover" is the replacement price minus the price of the vehicle returned, less the value of the use of the vehicle returned to the Defendant. *Id*. The "cost of cover" remedy under the Magnuson-Moss Warranty Act is analogous to the refund relief sought under the lemon law.[1] *Id*.

The Third Circuit held similarly in *Samuel-Bassett v. Kia Motors America, Inc.*, 357 F.3d 352, 402 (3d Cir. 2003). There, the court held, the "party asserting federal jurisdiction must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle. The facts in that Magnuson-Moss case differ from those present here, but the requirements of allowance for usage and establishing the difference in value, rather than simply the purchase price are the same." *Id*. *quoting Voelker v. Porsche Cars North America, Inc.,* 348 F.3d 639, 643 (7th Cir.2003).[2]

The Sixth Circuit also adopted the *Gardynski-Leschuck* formula for determining the amount in controversy for Warranty Act claims. *See Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 885 (6th Cir. 2005). The *Golden* court opined:

> We conclude that this Court should follow the reasoning of the Third and Seventh Circuits when determining the amount in controversy under the Magnuson–Moss Warranty Act. The finance charges of a contract should not be added when determining if the amount in controversy has been satisfied. Pursuant to that analysis, the amount in controversy here would be calculated by determining the difference between the cost of a replacement vehicle ($42,903.41) and the

---

[1] While the minimum amount in controversy required under the Magnuson-Moss warranty act is $50,000, this matter was removed to federal court under diversity jurisdiction which holds a minimum amount in controversy of $75,000.

[2] *Voelker* was superseded on rehearing by *Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 521 (7th Cir. 2003), which held, "To calculate the amount in controversy under § 2301(d)(1)(B), however, the party asserting federal jurisdiction must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle."

6

>       present value of the Mustang ($25,000).  The resulting figure of
>       $17,903.41 would be further reduced by the value that Golden
>       obtained from the Mustang.

*Id*.

### A.     The amount in controversy for Plaintiff's Warranty Act claims is less than $75,000 and this Court does not have diversity jurisdiction over the case.

Applying the *Gardynski-Leschuck* formula to the case at bar, the amount in controversy is well below the jurisdictional minimum amount in controversy.  As previously stated, the basis for the "cost of cover" formula is the replacement price, minus the value of the defective vehicle returned, less the value of the use of the vehicle.  *See Gardynski-Leschuck v. Ford Motor Company*, 42 F.3d 955, 957 (7th Cir. 1998).  In this case, a replacement vehicle would be $59,829.91 (the cost of the subject vehicle).  To calculate the amount in controversy, the value of the subject vehicle returned to Defendant is deducted.  One way of calculating the current value of a vehicle is by using the popular Kelley Blue Book (hereinafter referred to as "KBB") which is a vehicle valuation company that allows a consumer to rate her vehicle based upon four condition categories – excellent, very good, good and fair.  *Kelley Blue Book*, http://www.kbb.com (last visited on July 24, 2016).  The valuation system also takes into consideration the mileage on the vehicle in finding its value.  *See id*.  Plaintiff's KBB "good" condition value is at $42,501 and its "fair" condition value is at $39,376 with nearly 43,000 miles on the vehicle.  *Id*.

Since Defendant would be getting Plaintiff's vehicle, even if we assume the vehicle had the lowest value as identified by the Kelley Blue Book, the subtotal of Plaintiff's damages would still be offset by $39,376 leaving a net of at most $20,453.91 before any offset for Plaintiff's use is

subtracted. However, the amount in controversy would be even less, as the value of the use of the vehicle is also deducted. With nearly 43,000 miles on the vehicle, it is likely that this would be a significant amount subtracted from the value of the vehicle returned. When deducting the value of the use from the $20,453.91 cost of cover analysis, the amount in controversy is significantly less than the $75,000 threshold. Given the result of this formula, the amount in controversy is less than $75,000, thus this Court does not have jurisdiction to hear the claim.

    **B.**    **Plaintiff's Lemon Law claim does not meet the $75,000 minimum for this Court to exercise diversity jurisdiction.**

The Mississippi Motor Vehicle Warranty Enforcement Act (commonly referred to as the Lemon Law), provides for a remedy of a replacement or refund. The law states in relevant part:

> If the manufacturer or its agent cannot conform the motor vehicle to any applicable express warranty by repairing or correcting any default or condition which impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts, the manufacturer shall give the consumer the option of having the manufacturer either replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or take title of the vehicle from the consumer and refund to the consumer the full purchase price, including all reasonably incurred collateral charges, less a reasonable allowance for the consumer's use of the vehicle. The subtraction of a reasonable allowance for use shall apply when either a replacement or refund of the motor vehicle occurs. A reasonable allowance for use shall be that sum of money arrived at by multiplying the number of miles the motor vehicle has been driven by the consumer by Twenty Cents (20) per mile. Refunds shall be made to the consumer and lienholder of record, if any, as their interests may appear.

MS Code §63-17-159 (2013).

Similar to cover the analysis discussed above, under a state lemon law remedy, Defendant will receive the subject vehicle back in both a refund or replacement award. The vehicle returned to Defendant has value and that value must be deducted from the value of the refund or cost of

8

replacement to determine the amount in controversy.  For instance, if we assume Plaintiff were to replace the subject vehicle with an identical vehicle at an identical cost, the cost of a replacement vehicle would also be $59,829.91.  Defendant would be getting the subject vehicle back, which as value. .  As stated above, the Kelley Blue Book is often used to determine the value of a vehicle. Plaintiff's KBB "good" condition value is at $42,501 and its "fair" condition value is at $39,376 with nearly 43,000 miles on the vehicle.  *See Kelley Blue Book*, http://www.kbb.com (last visited on July 24, 2016).

Under the Mississippi Lemon Law, a reasonable allowance for Plaintiff's use of the vehicle is twenty (20) cents per mile.  *See* MS Code § 63-17-159 (2013).  With almost 43,000 miles on the vehicle, Plaintiff's replacement would be offset by $8,600 for mileage.

Thus, since Defendant would be getting Plaintiff's vehicle back under the state's lemon law, even if we assume the vehicle had the lowest value as identified by the Kelley Blue Book, the subtotal of Plaintiff's damages would still be offset by $39,376 leaving a net of at most $20,453.91. This number would be further offset by Plaintiff's use of the vehicle valued at $8,600 bringing the amount in controversy to $11,853.91.  Under the lemon law, the amount in controversy is less than $75,000, thus it would be improper for this Court to retain jurisdiction of this claim.

Defendant has offered the Court no evidence of the value of the vehicle at the time this lawsuit was filed.  This amount would offset the maximum damages Plaintiff could receive for the purposes of determining if the $75,000 jurisdictional threshold has been met, because Defendant will be receiving value back for any amounts it must pay to satisfy Plaintiff's damages.  Again, none of these figures were presented by Defendant.  Regardless, the formula would yield a figure

significantly below the $75,000 minimum requirement for diversity jurisdiction. Accordingly, Plaintiff's Motion to Remand should be granted.

IV. **DEFENDANT ERRONEOUSLY ARGUES THAT PLAINTIFF'S CLAIMED DAMAGES EXCEED THE JURISDICTIONAL MINIMUM BY IMPROPERLY UTILIZING FUTURE ATTORNEYS' FEES, WHICH MAY OR MAY NOT BE INCURRED, TO JUSTIFY THE $75,000 REMOVAL.**

Defendant wrongfully assumes that Plaintiff's claimed damages exceed $75,000.00 because Plaintiff's Complaint asks for reasonable attorneys' fees and incidental and consequential damages. (*See* Exhibit "A"). Plaintiff's Complaint never asks for a specific amount of damages. *See id*. "In removal practice, when a complaint does not allege a specific amount of damages, the party invoking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Ward v. Tupelo Auto Sales, Ltd.*, 1998 WL 930798, *2 (N.D. Miss. 1998), *quoting St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Even if the removing party presents evidence to suggest the amount in controversy is greater than the jurisdictional limit, this Court must utilize "the infamous 'legal certainty test' which requires a federal court to decline jurisdiction when it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Shaffer v. Palm Harbor Homes, Inc.*, 328 F.Supp.2d 633, 636 (N.D. Miss. 2004), *quoting St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).[3]

Defendant erroneously relies on *Elford v. Belk, Inc.* in arguing that attorneys' fees may be

---

[3] *See also Boelens v. Redman Homes, Inc.*, 748 F.2d 1058 (5th Cir. 1984). In *Boelens*, the Fifth Circuit remanded a Warranty Act case to the district court to dismiss the case for lack of subject matter jurisdiction after the jury awarded "actual damages of $178,903.80 and assessed $112,500 in common law punitive damages and $93,750 in discretionary damages." *Id*. at 1061. In reaching its holding, the court noted that only economic loss damages are recoverable under the Warranty Act and only those damages should be used for determining the amount in controversy for jurisdictional purposes. *Id*. at 1069.

10

included in the amount in controversy. No. 1:14CV421 LG RHW, 2015 U.S. Dist. LEXIS 388. The facts of *Elford* do not apply to Plaintiff's case at bar. Elford's initial complaint sought compensatory damages in the amount of $60,000, punitive damages in the amount of $15,000 and attorneys' fees and other unspecified damages. *Id*. at 1. In Plaintiff's case, the complaint does not specify the amount in damages she is seeking and Plaintiff's complaint does not seek punitive damages.

In *Elford*, the Court analyzed that the jurisdictional facts that support removal must be judged at the time of removal. *Id*. at 2. The court found that it was apparent from the initial petition that the amount in controversy exceeded $75,000 at the time of removal and any amendment of her Complaint would not deprive the Court of jurisdiction. *Id*. at 3. Additionally, because "attorneys' fees can be awarded if punitive damages are awarded" under Mississippi law, the Court found it was facially apparent that Plaintiff's sought damages in excess of $75,000. *Id*. at 4, quoting *Coastal Hardware & rental Co. v. Certain Underwriters of Lloyds, London*, 120 So. 3d 1017, 1029 (Miss. 2012). *Elford* does not apply to this case. In Plaintiff's case at bar, Plaintiff does not seek punitive damages so attorneys' fees should not automatically be included in the amount in controversy. The Plaintiff in *Elford* actually created the amount in controversy required for diversity jurisdiction by specifically requesting damages, including punitive damages, totaling $75,000 with attorneys' fees and other unspecified damages not yet included. *See id*. Plaintiff's case is distinguished from *Elford* because not only does Plaintiff not request punitive damages, but Plaintiff does not request an amount at all but rather seeks amounts the Court deems appropriate.

In Warranty Act cases such as the one at bar, the Fifth Circuit has held that future attorneys' fees are not to be calculated when determining the amount in controversy. *See Ward v. Tupelo Auto*

11

*Sales, Ltd.*¸1998 WL 930798 (N.D. Miss. 1998);  *see also Boelens v. Redman Homes, Inc.*, 748 F.2d 1058 (5th Cir. 1984).   In *Ward*, the plaintiff sought "reimbursement of the purchase amount, consequential damages, punitive damages, attorney's fees and court costs." *Id.* at *1.  At the outset, the court held that the claim for attorneys' fees must be excluded in the calculation. *Id.* at *2, *citing Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1069 (5th Cir, 1984).  In remanding the case back to state court, the court noted the "removing defendants have made no allegation that any consequential damages would amount to $29,414.71.  The court finds that it apparent from the face of the complaint that it is unlikely that the purchase amount of $20,585.29 and unspecified consequential damages, 'included [sic], but not limited to, travel time and loss of use of the vehicle,' will total $50,000." *Id.* at *3.  Similarly, in a breach of contract dispute, the district court granted a plaintiff's motion to remand because "the Court cannot reasonably conclude that the attorneys' fees incurred by Plaintiff with respect to the jurisdictional issues demonstrate by a preponderance of the evidence that resolution of the merits would implicate a specific fee amount, must less an amount sufficient to increase the likely amount in controversy above the jurisdictional minimum." *Gulf Coast Envtl. Sys., LLC v. TKS Control Sys.*, 2008 U.S. Dist. LEXIS 51565 at 13.

In the case at bar, like *Ward*, the face of Plaintiff's complaint does not allege damages greater than $75,000.00 to meet the amount in controversy to grant this Court diversity jurisdiction.  Nor does Defendant demonstrate that any future consequential damages or attorneys' fees would amount to a value which, when added to the cost of cover analysis, would meet the $75,000 jurisdictional threshold amount.  In fact, Defendant asserts nothing more than unsupported allegations in its removal.  In light of Defendant's flawed attempt to utilize future incidental and consequential

12

damages (which may or may not be awarded) and future attorneys' fees (which may or may not be incurred), and failure to provide any evidence supporting such potential damages, Defendant failed to meet its burden and demonstrate that this Court has diversity jurisdiction in this case.

### IV.  CONCLUSION.

In order to remove a cause brought pursuant to the Warranty Act or state lemon law to District Court, a defendant must demonstrate with reasonable probability, that the amount in controversy is at least $75,000 for diversity jurisdiction in federal court. In this case, Plaintiff is seeking a refund of her vehicle under Mississippi's lemon law.  The primary measure of damages under the lemon law is a refund of the vehicle less any value Plaintiff obtained from using the vehicle.  Court must also take into consideration the value of the vehicle Defendant will be retaining when it takes possession of the vehicle.  The purchase price of the vehicle ($59,829.91) less the value of use Plaintiff had from the vehicle offset by the value of the vehicle Defendant will retain from the vehicle will not satisfy the $75,000 minimum amount in controversy required for diversity jurisdiction under federal law.  Additionally, as shown in case law throughout the country, unearned or hypothetical attorneys' fees cannot be included to meet the jurisdictional minimum for diversity jurisdiction.  Thus, Defendant cannot demonstrate with reasonable probability that the amount in controversy requirement for diversity jurisdiction has been satisfied and this Court should remand the case back to the County Court of the First Judicial District of Jackson County, Mississippi.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order remanding this cause to the County Court of the First Judicial District of Jackson County and for the costs incurred as a result of the improper removal.

Respectfully Submitted,
**KELLY CLARK**


By: ___/s/ Megan M. Patrick__
      Megan M. Patrick