# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**KELLY CLARK**                                                                              **PLAINTIFF**

**v.**                                                       **CAUSE NO. 1:16cv251-LG-RHW**

**GENERAL MOTORS, LLC**                                             **DEFENDANT**

## ORDER DENYING DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Partial Summary Judgment [60] filed by the defendant General Motors, LLC, concerning the issue of whether General Motor's Better Business Bureau Auto Line Informal Dispute Resolution Procedure complies with 16 C.F.R. § 703. The plaintiff Kelly Clark has not filed a response in opposition to the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that General Motors' Motion should be denied.

## BACKGROUND

Kelly Clark filed this lawsuit, alleging that she purchased a defective 2015 Chevrolet Tahoe manufactured by General Motors. In her Complaint, Clark asserts the following claims against General Motors: breach of written warranty pursuant to the Magnuson-Moss Warranty Act, breach of implied warranty pursuant to the Magnuson-Moss Warranty Act, and violation of the Mississippi Motor Vehicle Warranty Enforcement Act.

## DISCUSSION

A motion for summary judgment may be filed by any party asserting that there is no genuine issue of material fact and that the movant is entitled to prevail as a matter of law on any claim. Fed. R. Civ. P. 56. The movant bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25.

As noted above, Clark did not file a response to General Motors' Motion. A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

The Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.*, "establishes standards governing the content of consumer product warranties . . . and creates a legal remedy for consumers who are harmed by a warrantor's failure

to comply with the obligations established in a warranty." *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 472 n.3 (5th Cir. 2002). As part of the MMWA, Congress ordered the Federal Trade Commission to "prescribe rules setting forth minimum requirements for any informal dispute settlement procedure which is incorporated into the terms of a written warranty to which any provision of this chapter applies." 15 U.S.C. § 2310(a)(2). The MMWA further provides that "warrantors may establish an informal dispute settlement procedure which meets the requirements of the Commission's rules." 15 U.S.C. § 2310(a)(3). If the informal dispute settlement procedure complies with those rules, which are codified at 16 C.F.R. § 703 *et seq.*, then any decision made in that procedure is admissible in evidence "[i]n any civil action arising out of a warranty obligation and relating to a matter considered in such a procedure." 15 U.S.C. § 2310(a)(3)(C).[1]

General Motors seeks partial summary judgment as to the issue of whether its informal settlement dispute procedure — the Better Business Bureau Auto Line Informal Dispute Resolution Procedure — complies with the Federal Trade Commission's rules. General Motors has produced an affidavit signed by Nancy C. Loader, who serves as the National Director for the Better Business Bureau's Auto Line program. (Def.'s Mem., Ex. 2, ECF No. 61-2). She testifies that the Auto Line "procedures were originally established to comply with the provisions of 16 C.F.R. Part 703." (*Id.*) She also testifies that Auto Line "submits to an annual outside

---

[1] *Graham v. Hyundai Motor Am.*, 855 N.E.2d 562, 622-24 (Ill. App. Ct. 2006), provides a thorough discussion of the requirements of 16 C.F.R. § 703.

audit to confirm that it continues to comply with the provisions of 16 C.F.R. Part 703," and every audit conducted as to Auto Line "has confirmed its compliance with the provisions of 16 C.F.R. Part 703." (*Id.*)  She further opines that "to the best of her knowledge, BBB Auto Line complies with the provisions of 16 C.F.R. Part 703." (*Id.*)

The Court has reviewed the Auto Line audits pertaining to General Motors' compliance with 16 C.F.R. § 703.  The 2015 audit, which focused on the 2016 Chevy Limited Warranty and Owner Assistance Manual, provided that General Motors was in "substantial compliance" with the FTC rules but noted that there was room for improvement as to the notice provided to customers.  http://www.ftc.gov/system/files/documents/reports/2015-audit-better-business-bureau-including-state-florida-state-ohio/2015_audit_of_bbb_ auto_line.pdf (last visited Aug. 17, 2017).  The auditor further stated, "GM does not appear to give notice consistent with Rule 703.2(e)." *Id.*  The Court also reviewed the 2013 audit, which found that General Motors was in compliance, but the 2014 audit was not available on the FTC website.  It is unclear which audit pertains to the warranty on Clark's vehicle.

General Motors has not briefed the issue of whether substantial compliance is sufficient to satisfy 15 U.S.C. § 2310(a)(3)(C).  It also has not demonstrated that a 2014 audit was performed as required by 16 C.F.R. § 703.7(a) or provided sufficient information from which this Court could determine which audit should be considered in this case.  As a result, General Motors has not met its burden of

demonstrating that it is entitled to judgment as a matter of law as to this issue and the Motion for Partial Summary Judgment must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Partial Summary Judgment [60] filed by the defendant General Motors, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE